# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER GRUNGO, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| I.Q. DATA INTERNATIONAL, INC., | |
| Defendant(s). | |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

CHRISTOPHER GRUNGO
10 Threadleaf Terrace
Burlington, New Jersey 08016

I.Q. DATA INTERNATIONAL, INC.
21222 30th Drive SE, Suite 120
Bothell, Washington 98021

## PRELIMINARY STATEMENT

2.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, I.Q. DATA INTERNATIONAL, INC. ("I.Q. DATA") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

4.     Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.     As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.     Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     I.Q. DATA maintains a location at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021.

8.     I.Q. DATA uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.     I.Q. DATA is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from I.Q. DATA (See Exhibit A) which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.     Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b.     Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class

member. These common questions of law and fact include, without limitation:

i.      Whether the Defendants violated various provisions of the FDCPA as set forth herein:

ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv.     Whether Plaintiff and the Class are entitled to declaratory relief.

c.   <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.   <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to

seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to January 28, 2022, Plaintiff allegedly incurred a financial obligation to GRAND GARDENS ASSOCIATES, LLC ("GRAND GARDENS ASSOCIATES").

19.     The GRAND GARDENS ASSOCIATES obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     Plaintiff allegedly incurred the GRAND GARDENS ASSOCIATES obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The GRAND GARDENS ASSOCIATES obligation did not arise out of a transaction that was for non-personal use.

22.     The GRAND GARDENS ASSOCIATES obligation did not arise out of transactions that were for business use.

23.     The GRAND GARDENS ASSOCIATES obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     GRAND GARDENS ASSOCIATES is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     On or before January 28, 2022, GRAND GARDENS ASSOCIATES referred the GRAND GARDENS ASSOCIATES obligation to I.Q. DATA for the purpose of collections.

26.     At the time the GRAND GARDENS ASSOCIATES obligation was referred to I.Q. DATA, the GRAND GARDENS ASSOCIATES obligation was in default.

27.     Defendant caused to be delivered to Plaintiff a letter dated January 28, 2022, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28.     The January 28, 2022 letter was sent to Plaintiff in connection with the collection of the GRAND GARDENS ASSOCIATES obligation.

29.     The January 28, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     Upon receipt, Plaintiff read the January 28, 2022 letter.

31.     The January 28, 2022 letter provided the following information regarding the balance claimed due on the GRAND GARDENS ASSOCIATES obligation:

| | |
|---|---|
| Principal Due: | $2404.50 |
| Interest Due: | $0.00 |
| Total Due: | $2404.50 |

32.     Immediately after providing the above information to Plaintiff, the January 28, 2022 letter stated in part:

As of the date of this letter, you owe $2404.50. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 1-888-248-2509.

33.     Plaintiff and others similarly situated would understand that these charges (interest, late charges and other charges) would continue to be assessed on the GRAND GARDENS ASSOCIATES obligation.

34.     As GRAND GARDENS ASSOCIATES ceased charging Plaintiff and others similarly situated "interest, late charges and other charges", the Defendant's statement about the balance increasing due to these charges was false.

35.     I.Q. DATA is not entitled to assess interest, late charges or other charges on the GRAND GARDENS ASSOCIATES obligation.

36.     The January 28, 2022 letter also advised that:

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

37.     As of the date of the January 28, 2022 letter, GRAND GARDENS ASSOCIATES did not have the legal or contractual authority to assess interest, late charges or other charges on the GRAND GARDENS ASSOCIATES obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

38.     As of the date of the January 28, 2022 letter, I.Q. DATA did not have the legal or contractual authority to assess interest, late charges or other charges on the GRAND GARDENS ASSOCIATES obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

39.     At some time prior to January 28, 2022, interest, late fees and other charges ceased being charged or added to the balance of the GRAND GARDENS ASSOCIATES obligation.

40.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false

representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

41.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response or know the amount actually owed on the GRAND GARDENS ASSOCIATES obligation.

42.     I.Q. DATA knew or should have known that its actions violated the FDCPA.

43.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)     Making a false representation of the character, amount or legal status of the debt; and

(d)     Using unfair or unconscionable means to collect or attempt to collect any debt.

45.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

46.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48.     Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to interest, late charges, other charges and collection costs.

49.     Defendants' representation that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and/or did not increase due to interest, late charges and other charges violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

50.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

51.     Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

52.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest, late charges and other charges.

53.     As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

54.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

56.     As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

57.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest, late charges and other charges.

58.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

59.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest, late charges and other charges when in fact the amount due would not and/or did not increase due to interest, late charges and other charges.

60.     As described herein, Defendants violated 15 U.S.C. § 1692e(5) by falsely representing the character, amount or legal status of any debt.

61.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62.     As described herein, Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

63.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

64.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65.     Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

66.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

68.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

69.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 25, 2022                    Respectfully submitted,

By:    _s/ Joseph K. Jones_
       Joseph K. Jones, Esq. (JJ5509)
       JONES, WOLF& KAPASI, LLC
       375 Passaic Avenue
       Fairfield, New jersey 07004
       Phone: (973) 227-5900
       Fax: (973) 244-0019
       *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: February 25, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF& KAPASI, LLC
375 Passaic Avenue
Fairfield, New jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

# EXHIBIT

# A

## I.Q. Data International, Inc.

P.O. Box 340, Bothell, Washington 98041-0340 •21222 30th Drive SE, Suite 120, Bothell, WA 98021-7012
Hours: Monday-Friday 8AM TO 5PM PST • Toll Free 888-248-2509 or 425-609-2150 Fax: 425-609-2104



January 28, 2022

RE: Creditor: GRAND GARDENS ASSOCIATES, LLC (NJ)

Principal Due:      $2404.50                    TX1-Account #: ███████
Interest Due:       $0.00
Total Due:          $2404.50

Dear CHRISTOPHER GRUNGO

Past experience has shown that most people who allow bad debt to pile up do so because they can't afford to pay the debt. Since many people are having hard times due to the recent economic trends, we would like to help, by giving you an incentive to pay off your obligation with our office. In an effort to help you resolve this matter we are willing to offer you the following incentive(s) to pay your debt:

1) We will allow you to settle the account for up to 30% off the total due if paid by **February 23, 2022.**
   OR
2) We will allow you to settle the account for up to 20% off the total due if paid by **March 25, 2022.**
   OR
3) If you cannot take advantage of the settlement proposal, we will take payments LOWER than normally approved to help you satisfy your obligation.

Please note that your account is currently being reported to the credit reporting agencies. We will report all payments made on this account to the credit reporting agencies.

**In order to secure any of these offers, please contact one of our Professional Collection Specialists before March 25, 2022 at 1-888-248-2509. We are not obligated to renew these offers. If you need additional time to respond to these offers, please contact us.**

Sincerely,
Account Representative
888-248-2509

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter, you owe $2404.50. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 1-888-248-2509.

***Detach Lower Portion and Return with Payment***

| Card number plus 3 or 4-digit security code (on back of card) | | Circle One |
| --- | --- | --- |
| Cardholder Name | EXP. DATE / | |
| Cardholder Signature | AMOUNT $ | |

IQD
PO Box 1280
Oaks PA 19456-1280

ADDRESS SERVICE REQUESTED

January 28, 2022

TX1
CHRISTOPHER GRUNGO
10 Threadleaf Ter
Burlington NJ 08016-4348

I.Q. Data International, Inc.
P.O. Box 340
Bothell, WA 98041-0340

Account # ███████
Total Due: $2404.50